United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 18, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-40703
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID L. SHEPARD,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:02-CR-107-1
--------------------

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

David L. Shepard appeals his sentence following a guilty plea to simple assault. See 18 U.S.C. § 113(a)(5). Shepard argues that the district court's imposition of the $1000 fine violated his oral plea agreement for a "specific sentence." See FED. R. CRIM. P. 11(c)(1)(C). Because Shepard did not object in the district court to the imposition of a fine on the ground that it violated his plea agreement, we review for "plain error" only. See United States v. Green, 324 F.3d 375, 381 (5th Cir.), cert.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

<u>denied</u>, 124 S. Ct. 152 (2003); <u>see</u> <u>also</u> <u>United States v. Rhodes</u>, 253 F.3d 800, 804 (5th Cir. 2001). Under the plain error standard, the defendant bears the burden of showing that (1) there is an error, (2) the error is plain, and (3) the error affects substantial rights. <u>United States v. Olano</u>, 507 U.S. 725, 732 (1993).

A plea agreement arising under FED. R. CRIM. P. 11(c)(1)(C), "binds the court once the court accepts the plea agreement." FED. R. CRIM. P. 11(c)(1)(C); <u>McClure v. Ashcroft</u>, 335 F.3d 404, 413 (5th Cir. 2003); <u>Rhodes</u>, 253 F.3d at 804. "'Plea bargain agreements are contractual in nature, and are to be construed accordingly.'" <u>Hentz v. Hargett</u>, 71 F.3d 1169, 1173 (5th Cir. 1996)(citation omitted). Although the parties reached a plea agreement as to a specific term of imprisonment, namely three months, the record does not suggest that the plea agreement involved any understanding regarding a fine. Thus, the district court's acceptance of the plea agreement did not preclude the imposition of a fine. Shepard has not demonstrated error, plain or otherwise.

AFFIRMED.